UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY MURRAY,

        Plaintiff,

    v.

WARDEN, et al.,

        Defendants.

No.  2:19-cv-2114 JAM AC P

ORDER and FINDINGS AND
RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  The complaint seeks a temporary restraining order or preliminary injunction.  ECF No. 1.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

1  cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

6  content that allows the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

8  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12      III.    Complaint

13      The complaint alleges that the Warden of Mule Creek State Prison, Dr. Aung, and Does 1

14 through 10 violated plaintiff's rights under the Eighth Amendment.  ECF No. 1.  Specifically,

15 plaintiff alleges that he suffers from inoperable brain cancer that causes excruciating headaches,

16 and that he was previously prescribed morphine to manage the pain.  Id. at 1.  The physician who

17 was treating plaintiff before defendant Aung discontinued his morphine; when plaintiff began

18 seeing Aung, Aung prescribed Tylenol 3 and then halved the dosage, which caused plaintiff

19 significant head pains.  Id.  Aung then referred plaintiff to a neurologist who labeled him a drug

20 seeker and recommended plaintiff be prescribed amitriptyline, which is an antidepressant.  Id.

21 Plaintiff claims that he has filed numerous administrative appeals that take six months or more,

22 which he does not have time for given his condition, and requests that he be re-prescribed

23 morphine as recommended by his neurosurgeon.  Id. at 1-2.  He claims that the warden is

24 responsible for the day-to-day operations of the prison and is aware of his condition due to the

25 administrative appeals he has filed.  Id. at 1.

26      IV.    Failure to State a Claim

27      A.    Defendant Aung

28      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

3

1    must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

2    1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff

3    to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

4    could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

5    (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal

6    quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

7         Deliberate indifference is established only where the defendant *subjectively* "knows of and

8    disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057

9    (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate

10   indifference can be established "by showing (a) a purposeful act or failure to respond to a

11   prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d

12   at 1096 (citation omitted).  A difference of opinion between an inmate and prison medical

13   personnel—or between medical professionals—regarding appropriate medical diagnosis and

14   treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d

15   240, 242 (9th Cir. 1989) (citations omitted); Toguchi, 391 F.3d at 1058 (citation omitted).

16   Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable

17   under the circumstances and . . . that they chose this course in conscious disregard of an excessive

18   risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal

19   citations omitted).

20        Plaintiff has failed to allege facts showing that Aung was deliberately indifferent to his

21   serious medical need.  He has not alleged that Aung completely discontinued his pain medication.

22   He alleges that it was a previous physician who discontinued pain medication altogether, and that

23   Aung reinstated a pain medication other than morphine, then referred plaintiff to a specialist who

24   recommended another non-narcotic option for pain management.  At most, plaintiff has alleged a

25   difference of opinion between himself and his physician, and between physicians, as to the

26   appropriate method of pain management.  This is insufficient to state a claim for deliberate

27   indifference.

28   ////

4

1    B. <u>Defendant Mule Creek State Prison Warden</u>

2        There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

3    connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S.

4    362, 371, 376 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980).  "Vague and

5    conclusory allegations of official participation in civil rights violations are not sufficient."  <u>Ivey v.</u>

6    <u>Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

7        Additionally, "[t]here is no respondeat superior liability under section 1983."  <u>Taylor v</u>

8    <u>List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  "A defendant may be held liable as a

9    supervisor under § 1983 'if there exists either (1) his or her personal involvement in the

10   constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful

11   conduct and the constitutional violation.'"  <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011)

12   (quoting <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)).  A supervisor may be liable for the

13   constitutional violations of his subordinates if he "knew of the violations and failed to act to

14   prevent them."  <u>Taylor</u>, 880 F.2d at 1045.  Finally, supervisory liability may also exist without

15   any personal participation if the official implemented "a policy so deficient that the policy itself is

16   a repudiation of the constitutional rights and is the moving force of the constitutional violation."

17   <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

18   marks omitted), <u>abrogated on other grounds by</u> <u>Farmer</u>, 511 U.S. 825.

19       Plaintiff alleges only that the warden is responsible for the day-to-day operations of the

20   prison and is aware of his inadequate medical treatment because he has submitted administrative

21   grievances.  To the extent these claims are based solely on the fact that the unnamed individual is

22   the prison warden, plaintiff fails to state a claim.  To the extent plaintiff may be trying to allege

23   that the warden could have intervened, the facts show that the warden would be aware of, at most,

24   a disagreement as to plaintiff's treatment, which would not put him on notice of an on-going

25   violation of plaintiff's constitutional rights that would require intervention.

26   C. <u>Doe Defendants</u>

27       Although plaintiff states that Does 1 through 10 also violated his rights, he does not make

28   any allegations against any Doe defendants and therefore fails to state a claim against any of

5

1  them.  Furthermore, in the event plaintiff chooses to amend the complaint, even if he is able to

2  successfully state a claim against any Doe defendant, due to the impossibility of serving an

3  unknown individual, the court will not order service on any Doe defendant until plaintiff has

4  identified them and filed a motion to substitute a named defendant for the Doe defendant.

5        V.    <u>Leave to Amend</u>

6        For all the reasons explained above, the complaint fails to state a claim for relief against

7  any defendant.  Accordingly, it will not be served.  Instead, plaintiff will be granted the

8  opportunity to file an amended complaint.

9        If plaintiff chooses to file a first amended complaint, he must demonstrate how the

10  conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo

11  v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

12  each named defendant is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th

13  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

14  or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>,

15  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

16  participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266,

17  268 (9th Cir. 1982) (citations omitted).

18        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

19  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

20  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

21  amended complaint supersedes the original complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

22  1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th

23  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

24  in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

25  complaint, the original complaint no longer serves any function in the case.  Therefore, in an

26  amended complaint, as in an original complaint, each claim and the involvement of each

27  defendant must be sufficiently alleged.

28  ////

6

VI.     Motion for Temporary Restraining Order or Preliminary Injunction

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The Ninth Circuit has held that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low.  Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

Because the complaint does not state a claim for relief, plaintiff cannot show that he has a likelihood of success on the merits, much less that the law and facts clearly favor his position.  Furthermore, plaintiff has not demonstrated that he is at risk of suffering immediate and irreparable harm since the medical records he submits are not recent, and the state of plaintiff's

1   current condition and pain medication regime are not clear.  It will therefore be recommended

2   that the motion for a temporary restraining order or preliminary injunction be denied.

3       VII.   Plain Language Summary of this Order for a Pro Se Litigant

4       Your request to proceed in forma pauperis is granted and you are not required to pay the

5   entire filing fee immediately.

6       The court has screened your complaint and finds that the facts you have presented are not

7   enough to state a claim for relief.  You have not explained how the decision to take you off

8   morphine is anything more than a difference of opinion between you and Dr. Aung about what

9   medication you should get.  A difference of opinion between doctor and patient, or between

10  different doctors, is not enough to show your constitutional rights are violated.  Also, the warden

11  can't be sued for what someone else did to you, unless he was somehow part of doing it.  Because

12  you haven't shown that your medical treatment violated your constitutional rights in the first

13  place, you also haven't shown that the warden was aware your rights were being violated and

14  allowed it to happen.

15      Because your complaint does not state a claim, it will not be served on the defendants.

16  Also, because your complaint does not show that your constitutional rights are being violated,

17  your request for a preliminary injunction is denied.  Instead of recommending that your case be

18  dismissed for failure to state a claim, the magistrate judge is giving you a chance to file an

19  amended complaint that tries to fix the problems with your complaint.

20      If you choose to amend your complaint, the first amended complaint must include all of

21  the claims you want to make because the court will not look at the claims or information in the

22  original complaint.  **Any claims and information not in the first amended complaint will not**

23  **be considered.**

24      In accordance with the above, IT IS HEREBY ORDERED that:

25      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

26      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

27  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

28  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

1  Director of the California Department of Corrections and Rehabilitation filed concurrently

2  herewith.

3      3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

4  U.S.C. § 1915A, and will not be served.

5      4.  Within thirty days from the date of service of this order, plaintiff may file an amended

6  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

7  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

8  number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

9  original and two copies of the amended complaint.  Failure to file an amended complaint in

10  accordance with this order will result in a recommendation that this action be dismissed.

11      5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

12  form used in this district.

13      IT IS FURTHER RECOMMENDED that plaintiff's request for a temporary restraining

14  order or preliminary injunction (ECF No. 1) be denied.

15      These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

17  after being served with these findings and recommendations, plaintiff may file written objections

18  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

19  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

20  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

21  (9th Cir. 1991).

22  DATED: July 28, 2020

23

24  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

9