UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MURRAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, et al.,<br><br>　　　　　Defendants. | No.  2:19-cv-2114 JAM AC P<br><br><br>ORDER |

   Plaintiff has requested the appointment of counsel.  ECF No. 20.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

   "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he has a large brain tumor. ECF No. 20. The motion includes medical records verifying the tumor and has been drafted by plaintiff's cellmate, who states that plaintiff has trouble articulating what he wants to say, leaves words out of his sentences, and adds words that have no use in the sentence. Id. at 6, 11-18. He further states that he does not believe plaintiff knows how or is capable of conducting legal research into the issues present in his case. Id. at 7.

The request will be denied at this time because the fact that plaintiff suffers from a brain tumor, without medical documentation demonstrating how the tumor effects his functioning and ability to pursue this case, is not enough to establish exceptional circumstances warranting appointment of counsel. If plaintiff chooses to file another motion for appointment of counsel, in addition to specifying how his conditions prevent him from proceeding without assistance, he should provide medical documentation supporting how his impairments effect his functioning.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 20, is denied.

DATED: April 1, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE