UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MURRAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-2114 JAM AC P<br><br><br>ORDER |

　　　　Plaintiff has filed another motion for the appointment of counsel.  ECF No. 25.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

　　　　"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

As with his previous request, plaintiff requests counsel on the ground that he has a large brain tumor. ECF No. 25. The motion includes medical records verifying the tumor and a handwritten copy of pages from the Merck Manual which detail signs and symptoms of brain tumors. Id. at 7-12, 15, 21-31. In denying plaintiff's previous request for counsel, the court advised that "the fact that plaintiff suffers from a brain tumor, without medical documentation demonstrating how the tumor effects his functioning and ability to pursue this case, is not enough to establish exceptional circumstances warranting appointment of counsel." ECF No. 22 at 2. Plaintiff was further advised that if he filed another motion for appointment of counsel "he should provide medical documentation supporting how his impairments effect his functioning." Id.

Although the attached medical records once again confirm that plaintiff has a brain tumor, they do not support his claims of impairment, and the provision of information from the Merck Manual, which describes possible signs and symptoms of a brain tumor, does not show that plaintiff is in fact suffering from such impairments. The motion for appointment of counsel will therefore be denied, and plaintiff is reminded that if he chooses to file another motion he needs to provide medical documentation showing how his impairments effect his functioning.

Plaintiff appears to believe that he was required to file a renewed motion for appointment of counsel by April 19, 2021, and he states that he was unable to obtain unbiased evaluations within the short time provided. ECF No. 25 at 1. The court did not set a deadline for plaintiff to file a renewed motion for appointment of counsel, it merely advised plaintiff of what information he would need to provide if he chose to file another motion for counsel in the future. In denying the current motion for appointment of counsel, the court is once again advising plaintiff of the information he should provide if he chooses to file another motion for appointment of counsel. However, plaintiff is not required to file another motion. If he chooses to file another motion after the current stay is lifted, there is no deadline for doing so.

Finally, the present posture of the case does not support the appointment of counsel. Plaintiff currently faces no deadlines. He was able to file an Amended Complaint that was screened, found to state a claim, and served. Accordingly, it appears that plaintiff is capable of

proceeding in pro se at this time.  Moreover, this case has been referred to the Post-Screening Alternative Dispute Resolution Project, and is otherwise stayed as mentioned above.  No motions or other documents should be filed during the stay.  Participation in ADR does not generally require the assistance of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 25, is denied.

DATED: April 26, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE