UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MURRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN, et al.,<br><br>    Defendants. | No.  2:19-cv-2114 JAM AC P<br><br>ORDER |

On January 10, 2022, plaintiff, a state prisoner proceeding pro se, filed a motion to compel discovery responses from defendant. ECF No. 44. However, discovery in this action closed on November 22, 2021, ECF No. 39, and even if the court were to accept the untimely filing, plaintiff has failed to identify what discovery responses he seeks to compel.

> The Court does not hold prisoners proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party plaintiff bears the burden of informing the court of which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified.

Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1, 2008 U.S. Dist. LEXIS 53142, at *3 (E.D. Cal. May 8, 2008). The motion will therefore be denied.

To the extent plaintiff requests that the court allow future specialist findings and allow him to subpoena specialists relevant to the case, ECF No. 44 at 4, the motion will also be denied.

1

The court will not make any rulings regarding the admissibility of potential future reports,[1] and the request to subpoena witnesses is premature since it has not yet been determined that this case will proceed to trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel, ECF No.44, is DENIED.

DATED: February 7, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Based on the contents of the motion, it appears that plaintiff is referring to future medical records generated as part of his on-going medical treatment rather than expert witness reports.