UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MURRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN, et al.,<br><br>    Defendants. | No. 2:19-cv-2114 DAD AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Currently before the court is plaintiff's motion to vacate the bill of costs. ECF No. 69. The motion has been referred to the undersigned pursuant to Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). ECF No. 70.

    I.    <u>Procedural History</u>

By order filed February 14, 2023, defendant's motion for summary judgment was granted and judgment was entered in defendant's favor. ECF Nos. 64, 65. On February 21, 2023, defendant submitted a bill of costs in the amount of $1,519.78 for costs associated with taking plaintiff's deposition. ECF No. 66. Costs were taxed on March 2, 2023. ECF No. 67. On March 3, 2023, the court received a notice from plaintiff, dated February 28, 2023, in which plaintiff stated that he had not received the bill of costs until February 27, 2023, and intended to respond within fourteen days. ECF No. 68. On March 20, 2023, the court received plaintiff's motion to vacate the bill of costs, which was dated March 9, 2023. ECF No. 69.

II.     Timeliness of the Motion

A bill of costs may be filed within fourteen days of the entry of judgment, and "[t]he party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection." L.R. 292(b), (c). "The clerk may tax costs on 14 days' notice," and on motion filed within seven days of service of the notice the clerk's action may be reviewed by the court. Fed. R. Civ. P. 54(d)(1); L.R. 292(e).

Because plaintiff was served the bill of costs by mail, he had until February 3, 2023, to file specific objections to the bill of costs. See L.R. 292 (c); Fed. R. Civ. P. 6(d) (adding an additional three days to the deadline based on date of service when service is accomplished by mail). While plaintiff's notice of intent to respond to the bill of costs could be construed as a timely request for an extension of time to file objections (ECF No. 68), because the motion to vacate the bill of costs does not make any specific objections to claimed items (ECF No. 69), it is more appropriately considered as a motion for review by the court. Because the taxation of costs was served on March 2, 2023, plaintiff had until March 13, 2023, to file his motion for review. See Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 54(d)(1); L.R. 292(e). Although not received by the court until March 20, 2023, plaintiff's motion is dated March 9, 2023, and is therefore timely. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

III.    Discussion

In his motion, plaintiff appears to argue that the taxation of costs should be set aside because even though defendant was granted summary judgment, this case was necessary to prompt the California Department of Corrections to provide him with adequate treatment. ECF No. 69 at 1-2. He also asserts that awarding costs in this case would be a financial burden and "incredibly unfair." Id. at 3. Defendant has not responded to the motion.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Although Rule 54(d)(1) creates "a presumption for awarding costs to

prevailing parties," the rule "also vests in the district court discretion to refuse to award costs." Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016) (citations and internal quotation marks omitted). In determining whether to exercise this discretion, the court should start by considering the following non-exhaustive list of good reasons for declining to award costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Id. (quoting Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014)). In a civil rights case, it is an abuse of discretion to tax costs without considering the non-prevailing party's indigency and "the chilling effect of imposing such high costs on future civil rights litigants." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). As addressed below, the factors identified in Draper weigh in support of granting plaintiff's motion and setting aside the taxation of costs.

      Prison civil rights suits are matters of substantial public importance. The ability of prisoners to seek redress in the federal courts for the alleged violation of their civil rights encourages prison officials to be vigilant and accountable in operating safe and constructive prisons. "Individual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners." Draper, 836 F.3d at 1088 (vacating costs award against prisoner following jury trial on his Eighth Amendment claim and remanding for further consideration). Because the majority of prisoners are indigent, their access to the courts on potentially meritorious claims must not be compromised by their fear of incurring costs should they not prevail. Thus, the first factor weighs against an award of costs.

      The second factor—the closeness and difficulty of the issues—does not weigh in plaintiff's favor. This action was resolved by a motion for summary judgment and did not involve unusually difficult issues. However, though the court granted defendant's motion for summary judgment, plaintiff undisputedly suffers from chronic and severe headaches, the cause of which has been in dispute even among medical professionals, and has had difficulty with effective pain management. See ECF No. 62 at 7-13 (undisputed facts on summary judgment). There is no evidence of bad faith or misconduct in bringing this lawsuit.

Jumping to the fourth and fifth factors—plaintiff's financial resources and the economic disparity between the parties—the court finds that they also weigh against an award of costs. Plaintiff remains incarcerated and his financial resources are very limited. Although plaintiff's sworn affidavit in support of his application to proceed in forma pauperis shows that he has a job within the prison, his wages equal only $60-90 per month and he has outstanding debt of $88,000 for medical bills from 2010. ECF No. 2. Plaintiff also represented that he had only $0.11 in cash and identified no tangible assets aside from a 13" television. Id. at 2. Although plaintiff has not provided updated financial information, his continued incarceration makes it unlikely that his economic status has improved in any material way. Overall, the economic disparity between the parties is marked. As the Ninth Circuit noted in Draper, "[t]here is no comparison between [plaintiff's] limited resources and those of the state of California, which bore the defense costs." 836 F.3d at 1089.

Finally, returning to the third factor, the undersigned finds that awarding costs would have a chilling effect on similar lawsuits and this factor therefore weighs against an award of costs. See Draper, 836 F.3d at 1088 (explaining the award of costs in an Eighth Amendment challenge would chill similar lawsuits because "[e]ven those with meritorious cases may choose not to risk an unsuccessful lawsuit that could add to the fees and costs associated with conviction and imprisonment"); Escriba, 743 F.3d at 1249 ("even modest costs can discourage potential plaintiffs who . . . earn low wages"). In contrast to the chilling effect that an award of costs in this action would have on prisoners generally, there is no comparable chilling effect on state defendants by denying an award, as they will continue to be represented by the Office of the Attorney General at public expense. Such relatively *de minimis* public expenditures are a cost-effective means for ensuring judicial scrutiny over prison conditions without chilling prisoners' rights to file such suits.

IV.     Conclusion

Because each of the applicable factors weigh against awarding costs in this case, the court finds that such an award would be unjust and plaintiff's motion to vacate the bill of costs should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to vacate the bill of costs (ECF No. 69) be GRANTED and the order taxing costs (ECF No. 67) be SET ASIDE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE